UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Dongguan Hongchuang Technology Co Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> Dbest products, Inc., <br><br> *Defendant*. | Case No. 2:26-cv-365 <br><br> **Complaint For Declaratory Judgment** <br><br> **Jury Trial Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Dongguan Hongchuang Technology Co Ltd. d/b/a HOOJO DIRECT ( "Plaintiff"), against Defendant Dbest products, Inc. ("Defendant"), seeking a declaration that Plaintiff's collapsible cart (the "Accused Product") does not directly or indirectly infringe U.S. Patent No. 12,304,546 B1 ("the '546 Patent") and No. 12,275,446 B2 ("the '446 Patent") , either literally or under the doctrine of equivalents, and/or that the '546 Patent and '446 Patent are invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 100 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon through enforcement of the '546 Patent and '446 Patent.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Defendant's '546 Patent and '446 Patent are invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Dongguan Hongchuang Technology Co Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business located at Dongguan.

4. Upon information and belief, Defendant Dbest products, Inc., is a company organized under the laws of California, and the address is 16506 Avalon Blvd, Carson California, 90746.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties to this action. Defendant submitted patent-infringement complaint to Amazon alleging that Plaintiff's listing infringed the '546 Patent and '446 Patent. As a direct result of Defendant's complaint and continuing

enforcement efforts, Amazon removed Plaintiff's accused product listing from marketplace. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

7. This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed its patent-enforcement activities into this District. Defendant submitted infringement complaint to Amazon and caused Amazon personnel located in Seattle, Washington, to remove Plaintiff's product listing, with the intended and foreseeable effect of disrupting Plaintiff's sales within this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each of Plaintiff's claims arises from Defendant's forum-directed conduct, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

8. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE FACTUAL BACKGROUND

9. Plaintiff designs, sources, and sells collapsible cart products on Amazon.com. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

10. Defendant Dbest products, Inc. is identified as the owner of the '546 Patent and '446 Patent. On January 22, 2026, Amazon notified Plaintiff that Defendant had had submitted patent-infringement complaints alleging that Plaintiff's Accused Product infringed the '546 and '446 Patents. Amazon further informed Plaintiff that, unless Plaintiff either resolved the allegations directly with Defendant or obtained a court order permitting Plaintiff to continue selling

the Accused Product, Plaintiff's product listing would remain removed from the Amazon marketplace.

11. In connection with its complaint to Amazon, Defendant submitted the following information: the asserted intellectual property consists of U.S. Patent Nos. 12,275,446 and 12,304,546; the Amazon complaint ID is 19327973341; the rights owner is identified as "Quik Cart"; and the rights owner's contact email is listed as kpereira@dbestproduct.net in Amazon's notice to Plaintiff. *See* **Exhibit C**.

12. Plaintiff denies that Accused Product infringes any valid and enforceable claim of the '546 Patent and '446 Patent and disputes Defendant's accusations. Plaintiff further contends that one or more claims of the '546 Patent and '446 Patent are invalid and/or unenforceable.

13. Defendant's report and Amazon's removal have created immediate and concrete harm to Plaintiff, including loss of sales, damage to goodwill, disruption of inventory planning, and ongoing business uncertainty.

14. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain their product listings on Amazon. Defendant's action cuts off access to Plaintiff's most significant channel of trade. As a result, Defendant's enforcement activities of the '546 Patent and '446 Patent via Amazon have caused, and continues to cause, immediate and irreparable harm to Plaintiff.

### **The '446 PATENT**

15. The '446 Patent was filed on September 1, 2023, and issued on April 15, 2025. A true and correct copy of the '446 Patent is attached hereto as **Exhibit A**.

16. The '446 Patent is entitled "High Load Capacity Collapsible Carts" and generally discloses compressible carts including a rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall. *See* **Exhibit A** at Abstract.

17. The '446 Patent has four independent claims and twenty-three dependent claims, each claiming a compressible cart.

18. Upon information and belief, Defendant is the owner of the '446 Patent.

### The '546 PATENT

19. The '546 Patent was filed on January 20, 2025, and issued on May 20, 2025. A true and correct copy of the '546 Patent is attached hereto as **Exhibit B**.

20. The '546 Patent is entitled "Compressible Cart" and generally discloses a compressible cart includes a rigid frame forming a compartment, the rigid frame having a front rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall may be configured to fold inwardly in the closed condition. *See* Exhibit B at Abstract.

21. The '546 Patent has three independent claims and twenty dependent claims, each claiming a collapsible cart.

22. Upon information and belief, Defendant is the owner of the '546 Patent.

### COUNT I
### (Declaratory Judgment of Non-Infringement of the '446 Patent)

23. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

24. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '446 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '446 Patent against Plaintiff, as set forth

above. A judicial declaration is necessary to determine the parties' respective rights regarding the '446 Patent.

25. Plaintiff does not infringe, either literally or under the doctrine of equivalents, any claim of the '446 Patent, including each of the four independent claims (Claims 1, 10, 16, and 22), for the reasons set forth below. A true and correct copy of the Non-Infringement Contentions is attached as **Exhibit D**.

26. Claim 1 of the '446 Patent requires, inter alia: (i) a collapsible cart having a rigid frame forming a compartment; (ii) a right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall being configured to fold inwardly in the closed condition; (iii) a first track extending from the first right panel onto the second right panel; and (iv) a first slideable member that moves along the track between an open and closed position to selectively lock the first and second right panels together.

27. The Accused Product does not meet at least these limitations. The Accused Product's right and left sidewalls are unitary, single-piece structures, not multi-panel assemblies. The sidewalls do not fold inwardly via articulated sub-panels; instead, the entire wall collapses downward by rotating around a bottom horizontal hinge. Because the Accused Product does not include a first right panel rotatably coupled to a second right panel, it cannot satisfy the "fold inwardly" or "rotatably coupled" limitations.

28. Furthermore, the Accused Product lacks the claimed track-and-slider locking assembly. Rather than a slideable member moving linearly across two panels, the Accused Product employs a rotatable snap-on latch, which pivots to secure the sidewall to the front frame. A rotating latch is not a "slideable member," and the Accused Product contains no "track" as required by Claim 1.

29. Doctrine of equivalents does not apply. Concluding that a rotating latch on a unitary wall is equivalent to a slideable member moving along a track spanning two articulated panels would vitiate the structural requirements of Claim 1 and violate the all-elements rule. The mechanisms operate in different ways and achieve different results.

30. Because the Accused Product does not infringe independent Claim 1, it necessarily does not infringe dependent Claims 2–9, each of which incorporates the limitations of Claim 1. In any event, the additional features in those dependent claims are likewise absent from the Accused Product.

31. Independent Claim 10 of the '446 Patent requires, among other elements: (i) a right sidewall comprising a first right panel and a second right panel rotatably coupled to one another; (ii) first and second locking members respectively located on the two panels; and (iii) the locking members cooperatively engaging to align the panels in both the open and closed conditions.

32. The Accused Product lacks the multi-panel construction required by Claim 10. Its sidewalls are single-piece units and therefore cannot include (i) a first right panel, (ii) a second right panel, or (iii) any coupling or rotational articulation between the two. Without these structures, the "locking members" limitation also cannot be met.

33. The Accused Product employs a rotatable snap-on latch, not cooperative locking members across two panels. Even if broadly construed, this latch cannot perform the function of aligning and securing two separate right-sidewall panels because the Accused Product has no such panels.

34. Under the doctrine of equivalents, no infringement exists. Treating a latch on a unitary wall as equivalent to locking members securing two distinct articulated panels would

disregard the structural distinctions required by Claim 10 and improperly expand the claim beyond what the patent discloses.

35. Because Claim 10 is not infringed, dependent Claims 11–15 are also not infringed. Their additional requirements, including multi-panel left sidewalls and additional locking members, are also missing from the Accused Product.

36. Independent Claim 16 further requires: (i) a right sidewall comprising a first right panel and a second right panel rotatably coupled; (ii) a first lock assembly integrated with both panels; and (iii) the lock assembly being operable in at least two states (locking and unlocking), while being "integrated" in both the open and closed conditions.

37. The Accused Product again lacks the required multi-panel right sidewall. The product's sidewalls do not consist of first and second panels, nor are any such panels rotatably coupled. Instead, each sidewall folds only by pivoting downward as a single solid structure, which cannot meet the "first right panel/second right panel" requirements.

38. The Accused Product also lacks the claimed "lock assembly." The patent's embodiments describe a sliding lock module, whereas the Accused Product uses a rotating latch located on a unitary sidewall. These mechanisms differ in structure, mode of operation, and result.

39. Under the doctrine of equivalents, the rotating latch cannot be considered equivalent to a sliding lock assembly integrated across two articulated sidewall panels. Any such finding would effectively eliminate the multi-panel structural limitations from the claim.

40. Because Claim 16 is not met, the Accused Product also does not infringe dependent Claims 17–21.

41. Independent Claim 22 expands the collapsible structure to a frame comprising at least five walls, with at least three configured to fold inwardly toward a fifth wall. It also requires,

among other limitations: (i) a "third wall" comprising first and second panels rotatably coupled; and (ii) a fastener that selectively secures the two panels along a plane in the open condition.

42. The Accused Product does not include a third wall constructed from two articulated panels; instead, all relevant walls are single-piece, non-articulating structures. The product collapses through downward rotation, not through multi-panel inward folding.

43. The Accused Product also does not contain a "fastener" as claimed. The patent discloses a sliding fastener integrated across two connected wall panels, whereas the Accused Product employs a snap-on rotating latch that cannot secure first and second panels because such panels do not exist in the product.

44. Under the doctrine of equivalents, these structural differences remain substantial. A unitary wall and a rotatable latch do not perform the same function, in the same way, with the same result as the claimed bi-fold wall and sliding fastener.

45. Because Claim 22 is not infringed, the Accused Product likewise does not infringe dependent Claims 23–27.

46. Defendant's unilateral and unfounded assertions of infringement of the '446 Patent have caused and continue to cause immediate and irreparable harm to Plaintiff, including commercial delisting of the Accused Product and disruption of Plaintiff's business activities.

47. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of all claims of the '446 Patent.

48. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe any valid and enforceable claim of the '446 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 100 *et seq.*

49. Plaintiff is entitled to its costs and such other relief as the Court deems just and proper.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the '546 Patent)

50. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

51. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '546 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '546 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '546 Patent.

52. Plaintiff does not directly infringe, literally or under the doctrine of equivalents, any claim of the '546 Patent, including independent claims 1, 9, and 17. A true and correct copy of the Non-Infringement Contentions is attached as **Exhibit E**.

53. Independent Claim 1 requires, among other limitations: (i) a frame comprising at least five walls, at least three of which rotatably fold inwardly toward a fifth wall; (ii) two opposing walls, each rotatably coupled to a non-folding wall; (iii) one opposing wall consisting of a first panel and a second panel, the second panel rotatably coupled to the first; and (iv) first and second latch parts configured to mate and hold the two panels in a common plane.

54. The Accused Product does not meet at least these limitations. None of the sidewalls of the Accused Product comprise first and second panels rotatably coupled along a vertical axis. Rather, each sidewall is a unitary, monolithic structure that collapses by pivoting downward around a bottom horizontal hinge, not by folding inwardly via bi-fold articulation between two panels.

55. The Accused Product also lacks the required first latch part and second latch part configured to mate and hold two articulated panels coplanar. Instead, the Accused Product uses a rotatable snap-on latch, which engages the top of a single-piece wall to the frame. This mechanism is structurally and functionally distinct from the sliding, panel-integrated latch parts described in the '546 Patent.

56. Doctrine of equivalents does not apply. Treating a rotating latch on a unitary wall as equivalent to latch parts maintaining two distinct panels in a common plane would improperly vitiate the multi-panel structural requirements of Claim 1. The Accused Product achieves a different result, in a different way, using materially different structures.

57. Because the Accused Product does not satisfy Claim 1, dependent Claims 2–8 are likewise not infringed. Their additional limitations, including rotational folding configurations and multi-panel geometries, are also absent.

58. Independent Claim 9 requires, among other limitations: (i) a frame with at least five walls, with at least three configured to fold inwardly toward a fifth wall; (ii) a "third wall" comprising first and second panels rotatably coupled; and (iii) a fastener having first and second fastener members, configured to mate to hold the panels in a substantially coplanar alignment.

59. The Accused Product lacks the multi-panel "third wall." Each wall is a single rigid piece, incapable of the relative rotation between a first and second panel required by Claim 9. The Accused Product collapses solely via downward rotation of each wall, rather than via lateral inward folding of articulated panels.

60. The Accused Product also lacks the claimed fastener comprising first and second fastener members. The patent describes a sliding fastener mechanism; however, the Accused

-11-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Product employs a rotating snap-on latch, which does not mate two separate panels nor hold them in the same plane.

61. Under the doctrine of equivalents, these substantial structural differences prevent equivalence. A rotating latch for a unitary wall cannot be equivalent to panel-spanning fastener members designed to lock two articulated wall sub-panels together.

62. Because the Accused Product does not infringe Claim 9, dependent Claims 10–16 are likewise not infringed.

63. Independent Claim 17 requires, among other limitations: (i) at least the first, second, and third walls configured to fold inwardly toward a fifth wall; (ii) a "third wall" comprising a first panel and a second panel, rotatably coupled; (iii) relative height/length relationships that position the first and second walls in a coplanar state when folded; and (iv) a coupler comprising first and second coupler members that mate to hold the first and second panels in coplanar alignment.

64. The Accused Product does not include any wall comprising first and second articulated panels. Its sidewalls are monolithic, single-piece components that collapse through bottom-hinge downward pivoting rather than through articulated folding of multiple panel segments.

65. Because the Accused Product lacks a multi-panel wall, it necessarily lacks the claimed first and second coupler members designed to secure two articulated panels in coplanar alignment. The Accused Product's rotating latch cannot be construed as such a coupler, nor can it perform the claimed function.

66. Under the doctrine of equivalents, the structural differences remain substantial. Substituting a rotating latch on a unitary wall for a coupler integrated across two panels would impermissibly rewrite the claim and ignore explicit structural limitations.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

67. Because Claim 17 is not infringed, dependent Claims 18–23 are likewise not infringed.

68. Defendant's unilateral and unfounded assertions of infringement of the '546 Patent have caused and continue to cause immediate and irreparable harm to Plaintiff, including commercial delisting of the Accused Product and disruption of Plaintiff's business activities.

69. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '546 Patent.

70. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe any valid and enforceable claim of the '546 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 100 *et seq*.

71. Plaintiff seeks its costs and such other relief as the Court deems just and proper.

**COUNT III**
**(Declaratory Judgment of Invalidity of the '446 Patent and '546 Patent)**

72. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

73. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '446 Patent and '546 Patent, as evidenced by Defendant's enforcement activities of the '446 Patent and '546 Patent against Plaintiff, as set forth above.

*74.* The claims of the '446 Patent and '546 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

75. CN 112918890 A ("Song"), published on June 8, 2021, discloses a storage module comprising a bottom plate, a cover plate, and folding side, front, and rear plates. Song teaches a

folding mechanism where the plates are hinged to the bottom and configured to collapse into an accommodating cavity within the base and specifically discloses a front plate structure comprising a door frame with a hinged door leaf and a locking mechanism, which teaches the multi-panel and locking configurations claimed in the patents-in-suit. A true and correct copy of Song is attached as **Exhibit F**.

76. **U.S. Patent No. 7,281,637 B2 ("Hadar")**, issued on October 16, 2007, describes a knock-down crate having a base with an elongated recess and four sides that are hingedly interconnected to the base. Hadar teaches a specific hinge arrangement that allows the sidewalls to fold inwardly and descend into the depth of the base recess for compact storage, directly disclosing the "fold inwardly" and collapsed condition limitations asserted in the patents-in-suit. A true and correct copy of Hadar is attached as **Exhibit G**.

77. **U.S. Patent Application Publication No. 2002/0171228 A1 ("Kady")**, published on November 21, 2002, discloses a collapsible rolling caddy featuring a front panel, back panel, and vertically hinged side panels that fold inward. Kady teaches the integration of essential cart features including retractable handles, wheels, and a lid capable of supporting weight, thereby disclosing the fundamental structural elements of the collapsible carts claimed in the patents-in-suit. A true and correct copy of Kady is attached as **Exhibit H**.

78. **U.S. Patent No. 6,439,414 B1 ("Liu")**, issued on August 27, 2002, describes an improved structure for a foldable receiving bin comprising an upper frame, a lower base plate, and foldable side plates. Liu specifically teaches the use of slide grooves and engaging slide members to firmly secure the side plates to the base and frame when unfolded, providing a teaching for the slideable locking members and track mechanisms claimed in the patents-in-suit. A true and correct copy of Liu is attached as **Exhibit I**.

79. **U.S. Patent No. 6,138,851 ("Townson")**, issued on October 31, 2000, discloses a collapsible container with walls hingedly attached to a base that fold down over the base. Townson teaches the use of engaging formations (castellations) along the edges of the walls and discloses locking arrangements, including retractable locking bars, to secure the walls in an erect position, rendering the wall locking and alignment features of the patents-in-suit obvious. A true and correct copy of Townson is attached as **Exhibit J**.

80. The claims of the '446 and '546 patents are invalid under 35 U.S.C. §§ 102 and/or 103. The alleged inventions defined in these claims were anticipated by, or would have been obvious in light of, the prior art references identified above—including Song, Hadar, Kady, Liu, and Townson—either considered individually or in combination with one another and/or the knowledge of a person of ordinary skill in the art. Consequently, the purported inventions fail to meet the statutory requirements for patentability.

81. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '446 Patent and '546 Patent.

82. Plaintiff seeks a declaratory judgment that the claims of the '446 Patent and '546 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§102, 103, and/or 112.

83. Plaintiff seeks its costs and such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B.  Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '446 Patent;

C.  Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '546 Patent;

D.  Declaring that the claims of the '446 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

E.  Declaring that the claims of the '546 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

F.  A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

G.  Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

H.  Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

I.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

J.  Awarding pre- and post- judgment interest; and

K.  Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: January 31, 2026

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP

-16-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Plaintiff*

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049